227 A.2d 788.

ROBERT FERESTIEN *vs.* CARLO DEMARCO.

MARCH 28, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is an appeal from the judgment of a superior court justice granting a garnishee's motion to remove or vacate the charge made against him for failing to render an account as required by G. L. 1956, §10-17-2, as amended.

The plaintiff issued a writ of attachment in an action of assumpsit against "Carlo DeMarco, alias" as defendant on July 30, 1965, which writ further commanded the officer

to attach the personal estate of said defendant in the hands or possession of Anthony DeMarco, d/b/a Nu-Way Food Products, as trustee. Process was served on the named trustee August 12, 1965.

Not answering, defendant was defaulted October 4, 1965 and following oral proof a nil dicit judgment of $6,638.85, together with costs, was entered October 15, 1965. The trustee having failed to file a garnishee's affidavit was at the same time charged with the full amount of the judgment as authorized by §10-17-15, as amended. Execution thereafter issued.

Nine days thereafter, but well before the return day, the trustee filed a garnishee's affidavit together with a motion to vacate the charge placed upon him and paid to the sheriff twice the amount paid to him at the time of the service of the writ of attachment, pursuant to the provisions of §9-25-24, as amended.

In his post-judgment affidavit, the garnishee deposed that at the time he was served he was not a trustee within the meaning of G. L. 1956, chap. 17 of title 10; that he possessed no moneys or personal estate of defendant; and that his failure to render an account before the return day of the writ was due to accident or mistake. His motion to vacate the charge placed upon him was predicated on the allegations contained in the affidavit.

The motion was heard by a superior court justice at which time the garnishee testified, without contradiction, that it was defendant's son who was employed by him and not defendant; that he made this fact known to the officer when service was made; and that the officer called counsel for plaintiff who apparently instructed him to leave the writ notwithstanding such information. He further testified that at the time service was made he possessed no funds or personal estate of defendant. As bearing on the positive assertions of the garnishee's knowledge regarding the named

defendant, it should be noted that he had a brother named Carlo DeMarco who in turn had a son, Carlo, Jr.

His testimony that it was defendant's son and not defendant who worked for him was corroborated by the garnishee's accountant who also testified that to his knowledge defendant had never been employed by the garnishee. Business records substantiating this were also made part of the record.

In a bench decision the trial justice granted the garnishee's motion, vacated the charge and ordered garnishee to pay a counsel fee of $75 to plaintiff's attorney, which was paid.

The plaintiff first contends, as we understand him, that the designation of defendant in the writ as "Carlo DeMarco, alias" was broad enough to include Carlo DeMarco, Jr., and proof that the latter, rather than his father, was the employee constitutes no reason in law for the trial justice to have granted the motion to vacate the charge placed on the garnishee. This is another way of saying that defendant named in the writ could be either father or son, and proof that the garnishee's employee was the son did not necessarily establish that he was not the defendant named in the writ.

However, in seeking the relief sought, it was the burden of the garnishee to establish that within the meaning of chap. 17 of title 10 he was not a trustee for the defendant named in the writ, whoever "Carlo DeMarco, alias" may be. We think it clear from the record that the garnishee met his burden.

He testified that he operated a food store in which Carlo DeMarco, Jr., was employed and the payroll records disclose that this employee was paid $1.50 an hour. He further testified that Carlo DeMarco, Sr., operated a dairy farm and was known by the garnishee to be in trouble. Significantly, plaintiff's declaration which is a part of the rec-

ord before us discloses that his action in assumpsit was brought to recover a debt incurred in the purchase of 36 Holstein cows. The obvious inference is that the employee Carlo DeMarco, Jr., was not the defendant named in the writ. This, coupled with the garnishee's corroborated and uncontradicted testimony that he was indebted to no other DeMarco, is dispositive of plaintiff's first contention.

The plaintiff further contends, however, that if his first argument is without merit the trial justice nevertheless erred in granting the garnishee's motion for the reason that his failure to file an affidavit within the time required by the statute was due to a mistake of law. He predicates this contention on the proposition that §9-25-24, as amended, authorizes relief only for "accident, mistake or excusable neglect * * *." The garnishee's mistake, plaintiff insists, was in assuming that in light of the circumstances as he knew them to be, he was under no obligation to make a sworn written account as provided by §10-17-2, as amended. This mistake, plaintiff argues, was one of law and not of fact, hence, not a ground on which the trial justice was authorized to grant the motion to vacate.

In support of this contention plaintiff cites several cases, but they have no application to §9-25-24, as amended, on the authority of which the instant motion depends.

Although the case arose in a different posture from the one before us, this court had occasion in *Marshall* v. *McCormick*, 27 R. I. 357, to consider the scope and nature of the relief intended to be provided by G. L. 1896, chap. 256, sec. 21, precursor to §9-25-24, as amended. At page 358 this court stated:

> "The plaintiff argues further that the affidavit of the garnishee does not disclose a case of mistake within the intent of the statute, his error being one of law and not of fact.
>
> "We feel constrained, however, to give to the word 'mistake,' as here used, a broad construction. The

process of garnishment by which a person is held to pay his debt to the judgment creditor of his creditor imposes upon him an inconvenience for the benefit of other parties with whom he has no privity, and should be limited so as not to do him actual injustice. The proviso in question is for the protection of the garnishee and ought to be liberally interpreted."

Prior to the decision in the *Marshall* case this court in *Grant* v. *New York Life Ins. Co.*, 24 R. I. 11, construing the statute in question, commented at page 12:

"The statute was evidently intended for a simple and speedy relief from the strict liability previously imposed upon those who had failed to file statements when summoned as trustees.

"It should therefore be liberally construed to this end."

See also *Newton* v. *Newton,* 54 R. I. 186.

We think therefore that, in light of the clear intendment of the statute and the circumstances of the instant case as disclosed by the record, the trial justice was warranted in vacating the charge and the plaintiff's contentions to the contrary are without merit.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed.

*Pucci, Zito & Goldin, J. Ronald Fishbein,* for plaintiff-appellant.

*Edmund Santurri,* for Anthony DeMarco, appellee-garnishee.